**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| MONTADAR AL MUHANA (A# 204 859 466), | Case No. 1:18-cv-2114 |
| 5500 Highland Dr. #1422<br>Little Rock, AR 72223 | |
| Plaintiff, | |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, | |
| Serve:  Office of the General Counsel<br>Department of Homeland Security<br>Mail Stop 3650<br>Washington, D.C. 20528 | |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, | |
| Serve:  U.S. Citizenship & Immigration Services<br>425 I. Street, N.W., Room 6100<br>Washington, D.C. 20536 | |
| KIRSTJEN NIELSEN, Secretary of the Department of Homeland Security, | |
| Serve:  Office of the General Counsel<br>Department of Homeland Security<br>Mail Stop 3650<br>Washington, D.C. 20528 | |
| JEFFERSON B. SESSIONS, Attorney General of the United States, | |
| Serve: Jefferson B. Sessions<br>Attorney General<br>Department of Justice<br>950 Pennsylvania Ave., NW | |

Washington, D.C. 20530

L. FRANCIS CISSNA, Director of the
United States Citizenship and Immigration
Services,
Serve:  U.S. Citizenship & Immigration
        Services
        425 I. Street, N.W., Room 6100
        Washington, D.C. 20536

LYNUEL W. DENNIS, Director of the
Memphis Field Office of the United States
Citizenship and Immigration Services,

Serve:  U.S. Citizenship & Immigration
        Services
        80 Monroe Ave. - 7th Fl
        Memphis, TN 38103

and

CHRISTOPHER WRAY, Director of the
Federal Bureau of Investigation,

Serve: Christopher Wray
       FBI Headquarters
       935 Pennsylvania Ave., NW
       Washington, DC 20535-0001

  Defendants.

## COMPLAINT

Plaintiff Montadar Al Muhana asserts his cause of action against Defendants

U.S. Department of Homeland Security (DHS), U.S. Citizenship & Immigration Services

(USCIS), Kirstjen Nielsen, Jefferson B. Sessions, L. Francis Cissna, James Dennis and

Christopher Wray in their official capacities as follows:

2

**JURISDICTION AND VENUE**

1.     This is a civil action brought to compel Defendants, and those acting under them, to adjudicate Plaintiff's long pending Petition to Remove Conditions on Lawful Permanent Residence (Form I-751).

2.     As the Defendants have failed to undertake their mandatory duty to render a decision on this Application after a delay of **three years**, Plaintiff seeks a writ of mandamus from this Honorable Court compelling Defendants to adjudicate Plaintiff's Application. 28 U.S.C. § 1361 (West 2010).

3.     Further, Plaintiff seeks to compel Defendants to adjudicate the Application, pursuant to the Administrative Procedures Act ("APA") because Defendants have "unlawfully withheld or unreasonably delayed" the adjudication of this Application. 5 U.S.C. § 706(1) (West 2010).

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 5 U.S.C. § 701 *et seq.* (Administrative Procedure Act), and 28 U.S.C. § 2201 (Declaratory Judgment Act). This Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 1361, 2202 and 5 U.S.C. § 702.

5.     Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) the Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) Defendants DHS, USCIS, Nielsen, Sessions and Cissna maintain offices within this judicial district.

## PARTIES

6.      Plaintiff Montadar Al Muhana was born in Iraq in June of 1986..

7.      Plaintiff obtained lawful permanent resident status in the U.S. on October 30, 2013 based on his marriage to a U.S. citizen.  Because his marriage was less than two years old when his status was granted, USCIS gave him conditional lawful permanent resident status.

8.      Plaintiff and his spouse filed a timely application to remove the conditions on his lawful permanent resident status in June of 2015 by filing USCIS form I-751.

9.      USCIS successfully obtained Plaintiff's biometric information thereafter.

10.     Since that time, Defendants have refused to take action on Plaintiff's I-751 petition..

11.     Plaintiff has made repeated requests with USCIS to adjudicate his application but USCIS has refused to do so.

12.     Plaintiff has made InfoPass appointments at the Memphis field office of USCIS but to no avail.  USCIS has provided no information to Plaintiff as to if or when his case will be adjudicated.

13.     Plaintiff made a request for assistance from the USCIS Ombudsman as well.  The USCIS Ombudsman was unable to assist Plaintiff in his attempts to find out information regarding his case.

14.     Plaintiff has also tried to obtain the assistance of members of Congress. Unfortunately, these efforts have also proven fruitless.

15.     Defendant United States Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the legal provisions governing applications for removal of conditions and conducting background and security checks.

16.     Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "USCIS") is the component of the DHS that is responsible for the removal of conditions by immigrants such as Plaintiff.

17.     Defendant Kirstjen Nielsen, the Secretary of the DHS, is the highest ranking official within the DHS.   Nielsen, by and through her agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").   Nielsen is sued in her official capacity as an agent of the government of the United States.

18.     Defendant L. Francis Cissna, Director of the USCIS, is the highest ranking official within the USCIS.   Cissna is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.   Cissna is sued in his official capacity as an agent of the government of the United States.

19.     Defendant Lynuel W. Dennis, Director of the Memphis Field Office of the USCIS, is the highest ranking official within the Memphis Field Office.   The Memphis Field District Office has jurisdiction over applications for removal of conditions for immigrants in Arkansas, where Plaintiff resides.   Dennis is responsible for the

implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Dennis is sued in his official capacity as an agent of the government of the United States.

20.    Defendant Christopher Wray is the Director of the Federal Bureau of Investigation and he is sued only in his official capacity, as well as his successors and assigns.  The FBI is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535.

21.    Defendants, who are officers of CIS and the Federal Bureau of Investigation ("FBI"), the Secretary of the Department of Homeland Security, and the Attorney General of the United States, are responsible for the removal of conditions process.

22.    In November 2002, Defendants drastically altered the removal of conditions procedure by requiring a vastly expanded FBI name check to be conducted on every application even though it is not required by either statute or regulation. Implementation of this unwarranted and cumbersome new name check procedure has resulted in months-long and even years-long delays in removal of conditions adjudication for Plaintiff.

23.    CIS's own Ombudsman has stated that the FBI name check used in removal of conditions applications is of questionable value in detecting persons who may pose a threat to security. Nevertheless, CIS uses the FBI name check without imposing deadlines for completion. In requiring and conducting name checks, both CIS and the FBI have acted with complete disregard for Congress' plain directive that CIS

should complete the processing of removal of conditions applications within six months from the date of submission. Through their use of FBI name checks, CIS and the FBI have unreasonably delayed the processing of the removal of conditions application of Plaintiff, and CIS has unlawfully withheld final adjudication of this application.

24. Defendants' unlawful conduct has deprived Plaintiff of the privileges of United States citizenship. Plaintiff cannot vote, serve on juries, expeditiously sponsor his immediate relatives living abroad for permanent residence, receive business and education loans and benefits reserved for citizens, participate in the Visa Waiver Program, or travel abroad and return to the U.S. without fear of exclusion from this country.

25. Plaintiff respectfully requests that the Court require the Defendants to adjudicate his application for removal of conditions within the time periods prescribed by law, and declare that the Defendants' actions violate federal statutes and regulations, laws governing administrative agency action and the Due Process Clause of the Fifth Amendment.

**PLAINTIFF'S REMOVAL OF CONDITIONS CASE
UNREASONABLY DELAYED**

26. In June of 2015, Plaintiff filed his I-751 application with the Defendants and paid the applicable filing fee. USCIS sent a receipt notice on the case to Plaintiff.

27. As part of the application process, USCIS took Plaintiff's fingerprints shortly thereafter iso as to conduct the background check.

28. Since that time, Plaintiff has heard nothing from USCIS and his case has not been decided.

7

29.     Plaintiff has made numerous attempts to contact USCIS to find out the status of his Application, but to no avail.

30.     As of the date of this Complaint, Plaintiff has not received information as to if or when the I-751 application would be adjudicated.

31.     Plaintiff is unable to resolve this matter through administrative channels or otherwise, and mandamus and APA relief are the only viable means of obtaining the adjudication of Plaintiff's pending matters.

32.     Defendants' delay in adjudicating Plaintiff's I-751 Application is unreasonable in relation to their stated processing times for like applications.  The delay is producing a hardship on the Plaintiff as well.

33.     The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(I) (West 2010).

34.     Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. § 1361 (West 2010).

35.     Defendants have unreasonably delayed and failed to perform a mandatory action in adjudicating Plaintiff's application.

36.     Defendants owe Plaintiff the duty to act upon his application and have unreasonably failed to perform these duties.

## COUNT I

## ADMINISTRATIVE PROCEDURE ACT VIOLATIONS

37.    Plaintiff realleges and reasserts the foregoing paragraphs as if set forth fully herein.

38.    The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13).

39.    The actions and omissions of Defendants Nielsen, Cissna and Dennis in failing to adjudicate Plaintiff's application for removal of conditions within 180 days of the date of submission because of pending FBI name checks, in violation of 8 U.S.C. § 1446(d), 8 U.S.C. § 1447(b) 8 U.S.C. § 1571(b), and 8 C.F.R. § 335, violates the Administrative Procedure Act, 5 U.S.C. § 2 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

40.    Defendants' unlawful conduct in failing to do so has resulted in, inter alia, unreasonable delays in and unlawful withholding of the adjudication of Plaintiff's

application. As a result of Defendant's actions in utter indifference to statutory deadlines, Plaintiff has suffered and continues to suffer injury. Declaratory and injunctive relief is therefore warranted.

## COUNT II
## ADMINISTRATIVE PROCEDURE ACT VIOLATIONS

41.     Plaintiff realleges and reasserts the foregoing paragraphs as if set forth fully herein.

42.     The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). The court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D). "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13).

43.     The failure of Defendants Sessions and Wray to timely complete FBI name checks, or to set or adhere to any timelines for completion of FBI name checks, with the full knowledge that CIS requires the completion of such name checks for adjudication of Plaintiff's application and with the full knowledge of the statutory deadlines and requirements for adjudication of applications pursuant to 8 U.S.C. §

1446, 8 U.S.C. § 1447(b), 8 U.S.C. § 1571(b), and 8 C.F.R. § 335, violates the Administrative Procedure Act, 5 U.S.C. § 555(b); 5 U.S.C. §§ 706(1), 706(2)(A), 706(2)(C), 706(2)(D).

44.     Defendants Sessions and Wray have a duty pursuant to the Administrative Procedure Act, agreements with CIS, and Executive Order 10450, to timely complete CIS-initiated name checks for applications, given Defendants' full knowledge that FBI name checks are required to finally adjudicate Plaintiff's application within the deadlines imposed by statute and regulations. Defendants' unlawful conduct in failing to do so has resulted, inter alia, in unreasonable delays in and unlawful withholding of the adjudication of Plaintiff's application. As a result of Defendants' actions in utter indifference to statutory deadlines, Plaintiff has suffered and continues to suffer injury. Declaratory and injunctive relief is therefore warranted.

## COUNT III
## VIOLATION OF DUE PROCESS CLAUSE

45.     Plaintiff realleges and reasserts the foregoing paragraphs as if set forth fully herein.  The Due Process Clause of the Fifth Amendment prohibits the government from depriving any person of life, liberty or property without due process of law. U.S. CONST., AMEND. V.

46.     Defendants Nielsen, Cissna and Dennis have a pattern, practice, or policy of failing to adjudicate the application within 180 days of the date of submission of such applications because of pending FBI name checks, in violation of 8 U.S.C. § 1446(d), 8 U.S.C. § 1447(b), 8 U.S.C. § 1571, and 8 C.F.R. § 335.

47.     Defendants Sessions and Wray have a pattern, practice, or policy of failing to timely complete FBI name checks, with the full knowledge that CIS requires the completion of such "name checks" for adjudication of applications.

48.     Defendants have a pattern, practice, or policy of failing to set deadlines for completing "name checks" and to take all the other reasonable steps necessary to complete the adjudication of applications of lawful permanent residents like Plaintiff within 180 days of the date of submission of such applications because of pending FBI name checks, in violation of 8 U.S.C. § 1446(d), 8 U.S.C. § 1447(b), 8 U.S.C. § 1571, and 8 C.F.R. § 335. The above-described actions and omissions by Defendants violate Plaintiff's rights to due process of law. As a result of Defendants' actions, Plaintiff has suffered and continue to suffer injury. Declaratory and injunctive relief is therefore warranted.

## COUNT IV
## NOTICE AND COMMENT VIOLATION

49.     Plaintiff realleges and reasserts the foregoing paragraphs as if set forth fully herein.

50.     Defendants Nielsen, Cissna and Dennis's actions (or their predecessors) in November 26, 2002, to expand the FBI name check for immigration applications constitute a rule within the meaning of 5 U.S.C. § 551(4).

51.     The Administrative Procedures Act, 5 U.S.C. § 553, requires administrative agencies to provide a notice-and-comment period prior to implementing a

substantive rule, including a rule that is a departure from prior policy and practice and that has a substantial adverse effect upon a large number of those affected.

52.     Defendants Nielsen, Cissna and Dennis's actions and omissions in failing to provide a notice-and-comment period prior to the November 2002 expansion of the FBI name check requirement violated 5 U.S.C. § 553 in that the expansion constituted a substantive rule that departed from prior policy and practice and has had a substantial adverse effect upon a large number of those affected, namely immigration applicants.

53.     As a result of Defendant's actions and omissions, Plaintiff was injured, and declaratory and injunctive relief is appropriate.

WHEREFORE, Plaintiff prays that the Court:

(a)     Compel Defendants and those acting under them to perform their duties owed to Plaintiff by adjudicating the Application;

(b)     Enjoin Defendants and order them to: (i) take all necessary steps to complete the FBI name checks of Plaintiff within 30 days and finally adjudicate Plaintiff's I-751 application within 30 days;

(c)     Order Defendants Nielsen, Cissna and Dennis to revoke and suspend the November 2002 expansion of the FBI name check with respect to immigration applications, until such time as Defendants have completed promulgating a rule following the process for notice and comment by the public;

(d)     Issue a declaratory judgment holding unlawful: (i) the actions and omissions of Defendants Nielsen, Cissna and Dennis in failing to adjudicate applications within 180 days of the date of submission, because of pending FBI name checks; (ii) the

actions and omissions of Defendants Sessions and Wray in failing to timely complete FBI name checks to allow CIS to adjudicate Plaintiff's application within 180 days of the date of submission; and (d) the actions and omissions of all Defendants in failing to set deadlines and to take all necessary steps to adjudicate applications within 180 days of the date of submission.

(e)    Grant attorney's fees, costs of court and all further relief available to Plaintiff under the Equal Access to Justice Act, 5 U.S.C. § 504 (West 2010); and

(f)    Grant such other and further relief as this Court deems proper under the circumstances.

RESPECTFULLY SUBMITTED

this 11th day of September, 2018

*/s/ James O. Hacking, III*
James O. Hacking, II
Hacking Law Practice, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

ATTORNEYS FOR PLAINTIFF